IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 22-0002-WS-B ) |
| POWERSOUTH ENERGY COOPERATIVE, et al., | ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the plaintiff's motion to strike a third-party complaint. (Doc. 43). The parties have filed briefs in support of their respective positions, (Docs. 43, 45, 46, 47), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

BACKGROUND

According to the amended complaint, (Doc. 14), Tractor & Equipment Company ("TEC") performed work for defendant PowerSouth Energy Cooperative ("PowerSouth"), in the course of which work TEC's employee ("Kelly") was injured. Kelly sued PowerSouth in state court. (*Id*. at 2, 6).

A non-party ("State Auto") was TEC's insurer under a commercial general liability ("CGL") policy. State Auto defended PowerSouth as an additional insured under this policy. Defendant Liberty Mutual Fire Insurance Company ("Liberty") provided PowerSouth with CGL coverage on a primary basis, with policy limits of $25 million per occurrence and a self-insured retention of $350,000. The plaintiff issued an umbrella policy to TEC, under which PowerSouth claimed to be an additional insured. (Doc. 14 at 2-3, 7-8, 13).

Trial of the Kelly lawsuit was specially set for August 23, 2021. On August 16, 2021, State Auto tendered its policy limits of $1 million in partial settlement of the lawsuit. On August 19, 2021, the plaintiff paid an additional $1 million in full settlement of the Kelly lawsuit. (Doc. 14 at 3-4).

The plaintiff filed this action against PowerSouth and Liberty, seeking: (1) a declaration that it has no indemnity obligation with respect to the Kelly lawsuit; (2) a declaration that its policy is excess to that of Liberty or, in the alternative, that the two policies apply *pro rata* by limits; and (3) recovery from the defendants of the $1 million the plaintiff paid to settle the Kelly lawsuit. (Doc. 14 at 4, 15-16).

On June 27, 2022, the Court denied the defendants' motions to dismiss. (Doc. 36). On July 1, 2022, before filing an answer, PowerSouth filed a third-party complaint against TEC.[1] PowerSouth alleges that Kelly was injured in the course of delivering and setting up a bulldozer that PowerSouth had recently purchased from TEC. PowerSouth asserts that TEC executed a purchase order relative to the bulldozer, pursuant to which TEC agreed to defend and indemnify PowerSouth from any claims by any person arising from the purchase order or the goods delivered under it. PowerSouth seeks a declaration that TEC owes PowerSouth defense and indemnity from the plaintiff's claims in this lawsuit, and it seeks damages for breach of TEC's alleged defense and indemnity obligations. (Doc. 37 at 1-8).

**DISCUSSION**

"Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "After the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's

---

[1] Due to this timing, PowerSouth was not required to obtain leave of court. Fed. R. Civ. P. 14(a)(1).

claim ….." Fed. R. Civ. P. 14 advisory committee's note to 1963 amendment. The plaintiff argues the third-party complaint should be stricken because it is obviously unmeritorious.[2] In the alternative, the plaintiff argues the third-party complaint should be stricken in accordance with Rule 12(f). (Doc. 43 at 4-5; Doc. 47 at 5-7).

### A. "Obviously Unmeritorious."

Since at least its 1946 amendment, Rule 14(a) has provided that "the third-party defendant … shall make his defenses to the third-party plaintiff's claim as provided in Rule 12." *Knell v. Feltman*, 174 F.2d 662, 664 (D.C. Cir. 1949). The 1963 amendments added that "[a]ny party may move to strike the third party claim, or for its severance or separate trial." *Cox v. E.I. DuPont de Nemours & Co.*, 39 F.R.D. 47, 50 n.6 (D.S.C. 1965). With slight stylistic changes, these provisions remain intact today. Fed. R. Civ. P. 14(a)(2)(A), (a)(4).

Rule 14 thus distinguishes between third-party defendants and other parties. Because a third-party defendant is in the same situation vis-à-vis a third-party complaint as is a defendant vis-à-vis a complaint, Rule 14(a)(2)(A) opens up to third-party defendants the entire arsenal of threshold motions available to defendants. Included in this arsenal is a motion to dismiss, under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Other parties to the lawsuit – chiefly, plaintiffs and co-defendants – are not enabled to file such motions but are limited to a single recourse – a motion to strike.

The rationale for this difference in treatment seems clear. Because only a third-party defendant is exposed to liability under a third-party complaint, only a

---

[2] The plaintiff does not suggest that the third-party complaint fails to allege that TEC "is or may be liable to [PowerSouth]] for all or part of the claim against [PowerSouth]." Fed. R. Civ. P. 14(a)(1). Instead, the plaintiff argues that the third-party claims "wholly lack merit" because the purchase order is ambiguous as to indemnification, which ambiguity must be resolved against PowerSouth as its drafter. (Doc. 43 at 5-9; Doc. 47 at 5-7).

third-party defendant may obtain dismissal simply by showing the third-party complaint fails to state a claim. The mere presence of a third-party complaint, even one that fails to state a claim, visits no meaningful harm on the plaintiff or co-defendants, so they are not empowered to seek dismissal for failure to state a claim. In this they are treated no differently than a plaintiff that cannot move to dismiss a crossclaim or a defendant that cannot move to dismiss a count to the extent directed against a co-defendant.[3]

The plaintiff seeks to ignore these differences between third-party defendants and other parties by reading the advisory committee note to require the granting of a motion to strike whenever the "third-party claims lacks [sic] any basis." (Doc. 47 at 2). The advisory committee note, however, itself refutes the plaintiff's argument. First, the note requires not simply a meritless claim but an "obviously" meritless claim. While the precise degree of clarity required by this adverb may remain uncertain, it clearly imposes a higher standard than does Rule 12(b)(6), which requires dismissal even when the failure to state a claim is not obvious but is discernible only with much effort.

Second, under the advisory committee note, even an obviously unmeritorious claim is alone insufficient to support striking the third-party complaint. What the note demands is both that the claim be obviously unmeritorious "and" that the claim "can only delay or prejudice the disposition of the plaintiff's claim." The use of the conjunctive cannot easily be imagined to have been accidental or meaningless, and the plaintiff – which ignores the quoted

---

[3] *See, e.g., Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957) ("[T]he moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants."); *Essex Builders Group, Inc. v. Amerisure Insurance Co.*, 429 F. Supp. 2d 1274, 1291 (M.D. Fla. 2005) ("The Court cannot conceive how [the plaintiff] has standing to seek dismissal of Amerisure's cross-claim against OneBeacon …."); *Synovus Bank v. Estate of Haynie*, 2012 WL 13027250 at *2 (N.D. Ala. 2012) ("Bloom does not have standing to seek dismissal of the counterclaims to which she is not a party."). In sum, "[i]t is generally accepted that parties lack standing to seek dismissal of parties other than themselves." *Equal Employment Opportunity Commission v. Brooks Run Mining Co.*, 2008 WL 2543545 at *2 (S.D.W. Va. 2008).

language entirely – offers no principled basis for reading the "delay or prejudice" clause out of the standard governing its motion to strike.

The purpose of the "delay or prejudice" clause seems clear. Again, the mere existence of a third-party complaint does not meaningfully harm a plaintiff or co-defendant. However, a third-party complaint that can only delay the disposition of the plaintiff's claim, or that can only prejudice the disposition of the plaintiff's claim, does give the plaintiff a stake in the third-party claim's continued presence in the lawsuit. If the third-party complaint states a plausible claim, any delay or prejudice is regrettable but insufficient to outweigh the third-party plaintiff's right to pursue such a claim. But if the claim obviously lacks merit, the delay or prejudice that the maintenance of such a claim is shown to inflict on other parties can support striking it.

The Court need not resolve whether PowerSouth's third-party claims are either meritless or obviously so[4] because, as PowerSouth notes,[5] the plaintiff makes no assertion that the continued presence of even an obviously unmeritorious third-party claim against TEC will either delay or prejudice the disposition of the plaintiff's claims.[6] Because making such an assertion and

---

[4] It is telling that TEC elected to file an answer to the third-party complaint without moving to dismiss it under Rule 12(b)(6). (Doc. 50).

[5] (Doc. 45 at 5).

[6] Unaccompanied by any relevant discussion, the plaintiff posits that the third-party claim will "unjustifiably expand this proceeding." (Doc. 47 at 8). A third-party claim by definition "expands" the proceeding, since it necessarily asserts a claim not previously presented. The plaintiff's unamplified announcement of this truism does not constitute an assertion that the third-party complaint will delay or prejudice the disposition of its claims.

supplying a showing in support thereof is essential to its motion to strike,[7] the plaintiff's failure to do so is fatal to its motion.[8]

### B. Rule 12(f).

The plaintiff does not explain how Rule 12(f) could apply. It is true that both Rule 12(f) and Rule 14(a)(4) address motions to strike, but there is no indication the latter rule implicates the former, and there are overwhelming indications it does not.

First, as noted in Part A, the drafters required third-party defendants to assert as against the third-party claim any defense "under Rule 12." They did likewise with respect to the third-party defendant's assertion of counterclaims "under Rule 13(a)" and "under Rule 13(b)," and of crossclaims "under Rule 13(g)." Fed. R. Civ. P. 14(a)(3)(B), (D). They did so again with respect to the

---

[7] The Court is aware of cases appearing to assume that an obviously unmeritorious third-party claim necessarily will delay or prejudice the disposition of the plaintiff's claim. *E.g., Dixon v. Caesars Entertainment Corp.*, 2022 WL 3445764 at *1 n.1 (N.D. Ill. 2022); *Marchionda v. Embassy Suites Franchise, LLC*, 2017 WL 11179923 at *9 (S.D. Iowa 2017). The Court rejects any such assumption as a substitute for a plaintiff's assertion and demonstration of delay or prejudice. To delay disposition of the main claim would require that the third-party claim delay trial, and it seems plain that not all additional claims implicate such extensive additional discovery or motion practice that a later trial date is required. It seems equally clear that not all third-party claims would prejudice the plaintiff in its pursuit of its main claim. *See Mahaffey v. First Coast Intermodal Service, Inc.*, 2001 WL 37126679 at *4 (M.D. La. 2001) (finding minimal delay or prejudice, if any).

[8] PowerSouth argues that the plaintiff has failed to show "a personal stake in the outcome of the controversy" and thus lacks "standing" to seek elimination of the third-party complaint. (Doc. 45 at 5). Rule 14(a)(4), however, allows "[a]ny party" to file a motion to strike. As discussed in note 2, *supra*, "standing" in this context addresses a party's ability "to seek dismissal," and the Court agrees with those cases holding that Rule 14(a)(4) supplies such authorization. *United States Fidelity & Guaranty Co. v. E.L. Habetz Builders, Inc.*, 642 F. Supp. 2d 560, 568 (W.D. La. 2007); *Driver v. W.E. Pegues, Inc.*, 2012 WL 13020156 at *1 (N.D. Ala. 2012). A plaintiff's inability to show it will be prejudiced by the maintenance of the third-party complaint goes to the merits of its motion to strike, not to its authorization to bring such a motion.

third-party defendant's assertion against the plaintiff of defenses "under Rule 12," counterclaims "under Rule 13(a)" and "under Rule 13(b)," and crossclaims "under Rule 13(g)." *Id*. Rule 14(a)(3); advisory committee's note to 1963 amendment. Against this background of consistent specificity, it is exceedingly improbable that the drafters of the 1963 amendment adding Rule 14(a)(4) would have omitted "Rule 12" or "Rule 12(f)" had they intended motions to strike under Rule 14 to be governed by Rule 12(f).

Second, and as discussed in Part A, the advisory committee notes expressly set forth a test for measuring motions to strike under Rule 14(a)(4). The plaintiff offers no reason the drafters would have created such a test had they actually intended such motions to be governed instead by Rule 12(f).

Third, Rule 12(f) cannot support striking a third party complaint, because the rule addresses striking "*from* a pleading," Fed. R. Civ. P. 12(f) (emphasis added), not striking *of* a pleading. That is, the rule permits selective deletions from a pleading, not the elimination of the entire pleading, as the plaintiff seeks.

Fourth, Rule 12(f) addresses only the striking of defenses and of "redundant, immaterial, impertinent, or scandalous matter," and, as PowerSouth notes, (Doc. 45 at 6), the plaintiff does not assert the presence of any such material in the third party complaint.

Given these circumstances, it is unsurprising that the plaintiff identifies no case that has employed Rule 12(f) to resolve a motion to strike a third-party complaint, and the few cases the Court has located on the subject reject Rule 12(f) as governing motions to strike under Rule 14(a)(4). *First-Citizens Bank & Trust Co. v. Whitaker*, 2017 WL 7550763 at *7 (N.D. Ga. 2017); *Alert Centre, Inc. v. Alarm Protection Services, Inc.*, 1991 WL 2712 at *2 (E.D. La. 1991). The Court concurs.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to strike is **denied**.

DONE and ORDERED this 15th day of September, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
